UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY GEORGE,<br>  Plaintiff,<br>     v.<br>RALPH DIAZ, et al.,<br>  Defendants. | Case No. 20-cv-03244-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 13, 14, 15 |

Joseph Anthony George, a prisoner at the Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and dismissed it with leave to amend; the court also denied his requests for a temporary restraining order and appointment of counsel. Plaintiff has filed an amended complaint that is now before the court for review pursuant to 28 U.S.C. § 1915A. Plaintiff also has filed a second request for a temporary restraining order and second request for appointment of counsel that are now before the court for review.

**BACKGROUND**

A. Allegations of Amended Complaint

The amended complaint concerns prison officials' response to Covid-19, a disease caused by the novel coronavirus (also known as SARS-CoV-2). Plaintiff sues Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation (CDCR); Clark Kelso, the "Director of Medical Services Statewide"; Bill Woods, the Chief Medical Officer at Pelican Bay; and Xavier Becerra, the California Attorney General. Docket No. 13 at 2.

The amended complaint alleges that Covid-19 has become widespread in the California prison system because not all inmate transfers were stopped when Covid-19 first arrived in the

California prison system. *Id.* at 3. "All the Covid-19 hotspots are being concealed from inmates and the public." *Id.* There allegedly have been 25 inmates and staff members who have died, hundreds of staff members who have become infected and thousands of inmates who have become infected with Covid-19. *Id.* The CDCR allegedly has released some prisoner because inmates were unable to do social distancing. *Id.* at 2.

The amended complaint further alleges that plaintiff, who has heart disease and other undescribed "serous medical conditions," is in the security housing unit (SHU) at Pelican Bay and soon will reach the end of his SHU term. *Id.* at 3. Transferring plaintiff from a Covid-19 safe zone to a Covid-19 hot spot allegedly "constitutes an unreasonable risk of future harm" to him if he contracts Covid-19. *Id.* at 2-3. (There is no allegation that prison officials actually have a plan in place to transfer plaintiff upon completion of his SHU term or otherwise at this time.) Plaintiff allegedly filed two inmate appeals requesting that he be given a mask, that others wear masks, and that he not be transferred; he is awaiting a final decision on his inmate appeal. *Id.* at 4.

The amended complaint does not allege any specific acts or omissions by defendants, and alleges only that defendants Diaz, Kelso, Robertson, and Wood "can each implement a practice, or appeal to the Governor to issue an order to stop all transfers except for emergencies or other extraordinary circumstances but each defendant . . . has failed to act." *Id.* at 4.

Plaintiff's *original* complaint had alleged that defendants had no plan to prevent or treat inmates or staff in the event of an outbreak of Covid-19. *See* Docket No. 1. He does not include those allegations in his *amended* complaint.

B. <u>Second Motion For Temporary Restraining Order and Preliminary Injunction</u>

Plaintiff has filed a second motion for a temporary restraining order (TRO) and preliminary injunction seeking an order preventing his transfer "until vaccinated for Covid-19." Docket No. 14 at 3. This motion is two pages in length and is unsupported by any evidence. The motion indicates that plaintiff is in the middle of exhausting administrative remedies on an inmate appeal in which he requested masks and to avoid transfer to another prison.

C. Judicially Noticed Facts

A court may take judicial notice of facts that are not subject to reasonable dispute because they are generally known or are capable of accurate and ready determination. Fed. R. Evid. 201(b). The court may take judicial notice of matters of public record, such as the existence and authenticity of a document, but cannot take judicial notice of the truth of its contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *see, e.g., id.* (court could judicially notice existence of waiver of extradition and that it was signed by plaintiff, but could not judicially notice that it was a valid waiver when no court had approved it). The court can take judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015) (internal quotations omitted).

The court takes judicial notice of two facts that illustrate that the governmental response to the Covid-19 pandemic has evolved in the several months the pandemic has been in the United States. First, the Centers for Disease Control first recommended the use of cloth face coverings in public settings on April 3, 2020. https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover.html. Second, the California statewide stay-at-home order was not issued until March 19, 2020. California Governor Newsom issued Executive Order N-33-20 on March 19, 2020, directing residents to heed the Order of the State Public Health Officer dated March 19, 2020, which ordered individuals living in California "to stay home or at their place of residence" with certain exceptions. https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-ORDER.pdf.

The court also takes judicial notice of materials on the CDCR's website that reflect that the CDCR has prepared plans to address the spread of Covid-19 in the California prison system. There is an entire section of the CDCR's website devoted to the Covid-19 situation and response efforts. https://www.cdcr.ca.gov/covid19/. There also is a section that has been updated numerous times to provide interim guidance for health care providers in the California prison system in the Covid-19 era. https://cchcs.ca.gov/covid-19-interim-guidance/. The CDCR's website also includes a "Movement Matrix" that describes updated restrictions on inmate transfers and inmate intake as part

1  of the Covid-19 response, including substantial limits on inmate transfers.
2  https://www.cdcr.ca.gov/covid19/wp-content/uploads/sites/197/2020/08/R-COVID-Movement-
3  Matrix.pdf?label=Movement%20Matrix&from=https://www.cdcr.ca.gov/covid19/. That document
4  states at the outset: "1. To reduce the likelihood of COVID-19 spreading from one location to
5  another, movement shall be limited to that which is necessary for clinical care, medical isolation or
6  quarantine, reduction of overcrowding, and serious custody concerns. 2. If transfer from one
7  institution to another must take place, pre and post transfer quarantine and COVID-19 testing shall
8  be performed." *Id.* Importantly, the court does not take judicial notice that the plans discussed on
9  the CDCR's website have been implemented, are sufficient or will be effective. Rather, the court
10 only takes judicial notice that the CDCR has developed plans to address the Covid-19 problem in
11 California prisons.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  To establish an Eighth Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.  The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

In dismissing the *original* complaint with leave to amend, the court explained that the complaint "falters on the deliberate indifference prong of an Eighth Amendment claim.  Plaintiff's allegations that prison officials have no plans for prevention, treatment, medical staff, or equipment to address Covid-19 in the prisons are not plausible, given the ample evidence (of which this court has taken judicial notice) that the CDCR has prepared plans to address Covid-19 in the prison population." Docket No. 9 at 5.  The court also explained that plaintiff needed to allege deliberate indifference by the named defendants. *See id.* at 6.

The same problems plague the amended complaint.  Plaintiff intimates that Covid-19 runs unchecked in the prison population because prison officials are doing nothing, but that is contradicted by the information on the CDCR's website of which the court has taken judicial notice.  Although the court generally may not consider materials outside the pleading when reviewing the sufficiency of an amended complaint, it may consider matters subject to judicial notice, such as the records on the CDCR's website. *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998-99 (9th Cir. 2018).  Here, the court mentioned the materials on the CDCR's website when it dismissed the original complaint, and plaintiff makes no effort to address those materials or allege anything showing the inadequacy of the CDCR's current response to Covid-19.

5

1    The amended complaint fails to state a claim for deliberate indifference to plaintiff's serious medical needs. The amended complaint alleges that plaintiff does not want to be transferred to a "Covid-19 hotspot" but does not allege that prison officials actually have any plans to transfer him. Nor does he allege that the CDCR's plans that include restrictions on inmate movements and impose safety precautions during the limited inmate transfers that do take place reflect deliberate indifference. The amended complaint also alleges that Covid-19 is widespread in the CDCR but does not allege that the CDCR is not taking steps to address the disease. The amended complaint does not allege any particular wrongdoing or specific action that any defendant has taken that suggests deliberate indifference to his serious medical needs. The bare allegations of the existence of a disease and a desire to avoid contracting it simply are not enough to state a claim against any defendant for deliberate indifference. Covid-19 is certainly a serious problem, but this plaintiff has failed to allege facts that suggest the presence of the mental state necessary for an Eighth Amendment claim. It is "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (internal quotation marks, emphasis, and citations omitted)). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,'" which is one of "deliberate indifference" to inmate health or safety. *Id.* Even with liberal construction, the complaint cannot reasonably be read to allege any facts suggestive of deliberate indifference. The amended complaint must be dismissed for failure to state a claim upon which relief may be granted. Further leave to amend is not granted because the court already explained the shortcomings in the deliberate-indifference claim and plaintiff was unable or unwilling to cure those problems in his amended complaint.

Plaintiff's second request for a TRO and preliminary injunction and second request for appointment of counsel are DENIED because this action is being dismissed and for the reasons stated at pages 6-10 in the order of dismissal with leave to amend. Docket Nos. 14 and 15.

**CONCLUSION**

This action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 24, 2020

_____
SUSAN ILLSTON
United States District Judge